IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID UPDIKE**, | Case No. 3:13-cv-01619-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CITY OF GRESHAM, MULTNOMAH COUNTY,** and **STATE OF OREGON,** | |
| Defendants. | |

Daniel Snyder, Carl Post, and Cynthia Gaddis, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Ellen F. Rosenblum, Attorney General, Heather J. Van Meter and Shannon M. Vincent, Senior Assistant Attorneys General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street N.E., Salem, OR 97301. Of Attorneys for Defendant State of Oregon.

**Michael H. Simon, District Judge.**

Plaintiff, David Updike ("Updike"), maintains this action against Defendants State of Oregon ("State") and Multnomah County, having settled with the City of Gresham. Against both the State and Multnomah County, Updike alleges violations of the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act")[1] and Title II of the Americans with Disabilities Act ("ADA").[2]

---

[1] 29 U.S.C. § 794.

Updike also alleges claims of negligence and false arrest against Multnomah County.[3] Before the Court is the State's Motion for Summary Judgment (Dkt. 50). For the reasons discussed below, the Court grants the State's motion.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations and citation omitted).

## BACKGROUND

On January 14, 2013, Plaintiff was arrested at his home by officers of the Gresham, Oregon police department. Plaintiff was booked at the Multnomah County Detention Center in the Justice Center and later transferred to the Multnomah County Inverness Jail, where Plaintiff

---

[2] 42 U.S.C. § 12132.

[3] Updike's claim of negligence against the State was dismissed when the Court granted the State's Motion for Judgment on the Pleadings with regard to that claim. Dkt. 73.

PAGE 2 – OPINION AND ORDER

was held for arraignment the next day. On January 15, 2013, Plaintiff appeared for arraignment by video conference before Multnomah County Circuit Judge Kathleen Dailey. No American Sign Language ("ASL") interpreter was present. When Judge Dailey learned that Plaintiff was deaf, she postponed Plaintiff's arraignment to the following day when an ASL interpreter would be available. As a result of this delay, Plaintiff was held overnight at the Inverness jail. On January 16, 2013, Plaintiff again appeared for arraignment, and an ASL interpreter was provided for him. Plaintiff was arraigned and released that day.

## DISCUSSION

After the State filed the pending motion, Plaintiff filed an Amended Complaint without objection from any party. Dkt. 60. The Court construes the State's motion as against the Amended Complaint.

### A. Motion for Summary Judgment

Against the State, Plaintiff alleges claims under both the ADA and the Rehabilitation Act. The State argues that Plaintiff fails to show a genuine dispute of material fact that the State violated either statute. The State further argues that even if Plaintiff were able to present an issue of disputed fact, his claims are barred on the basis of absolute judicial immunity.

**1. Claims under the Rehabilitation Act and Americans with Disabilities Act.**

Plaintiff alleges that the State intentionally discriminated against him by failing to provide an ASL interpreter at his January 15, 2013 arraignment and by postponing his arraignment until the following day. Plaintiff contends that this conduct violated Title II of the ADA and § 504 of the Rehabilitation Act.

**a. Legal Standards**

"Title II of the ADA and § 504 of the [Rehabilitation Act] both prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see* 42 U.S.C.

PAGE 3 – OPINION AND ORDER

§ 12132; *see also* 29 U.S.C. § 794. To establish a claim under the ADA, a plaintiff must show that he or she: (1) "is an individual with a disability"; (2) "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his or] her disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)) (quotation marks omitted). To establish a claim under the Rehabilitation Act, a plaintiff must show that he or she: (1) is "handicapped within the meaning of the [Rehabilitation Act]"; (2) is "otherwise qualified for the benefits or services sought"; (3) was "denied the benefit or services solely by reason of [his or] her handicap; and (4) that "the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052. In claims for compensatory damages under either the ADA or the Rehabilitation Act, the law in the Ninth Circuit also requires that a plaintiff show that a defendant had discriminatory intent. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).

In determining under the ADA or the Rehabilitation Act whether a defendant acted with discriminatory intent toward a plaintiff because of his or her disability, the Ninth Circuit applies the "deliberate indifference" standard. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); *see also Daniel v. Levin*, 172 F. App'x 147, 150 (9th Cir. 2006) (unpublished) (applying the "deliberate indifference" standard to the discriminatory intent requirement for ADA and Rehabilitation Act claims). A defendant acts with deliberate indifference only if: (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely; and (2) the defendant actually draws that inference and

PAGE 4 – OPINION AND ORDER

fails to act upon the likelihood. *See Duvall*, 260 F.3d at 1138-39; *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The first element is satisfied when the public entity has notice that an accommodation is required. *Duvall*, 260 F.3d at 1139. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." *Id.* (footnote omitted).

### b. Exclusion or Denial of Services

The State argues that because Plaintiff was provided with an ASL interpreter on January 16, 2013, he was not excluded from participation in his court proceeding. Moreover, the State contends that Plaintiff was not denied any benefit because he was given the exact accommodation he requested, albeit one day later. Plaintiff responds that he was required to remain in jail an additional day, unlike other non-disabled persons arraigned before him because he was denied an ASL interpreter at his first arraignment hearing, held on January 15. Plaintiff contends that this delay amounts to a denial of his right to participation equal to that of a non-disabled person. Thus, the issue is whether a delay of one day in furnishing a requested accommodation (in this case, an ASL interpreter) establishes a violation of the ADA or the Rehabilitation Act.

Plaintiff's only support for the proposition that a one-day delay in providing a requested accommodation is a violation of the ADA and Rehabilitation Act is *Duvall*. Plaintiff, however, misconstrues *Duvall*. In *Duvall,* a deaf individual sued numerous state and county officials, alleging violations under Title II of the ADA for refusing to provide real-time transcription at hearings held during his divorce proceedings. The district court granted summary judgment against all causes of action. *Id.* at 1133. The Ninth Circuit reversed summary judgment for the

PAGE 5 – OPINION AND ORDER

defendants, holding that there was a material question of fact regarding whether the alternative accommodations "prevented [the plaintiff] from participating equally in the hearings at issue." *Id.* at 1138. The Ninth Circuit stated that to prevail under the ADA, a plaintiff "must show that the accommodations offered by the County were not reasonable and that he was not able to participate equally in the proceedings at issue." *Id.* at 1137. Although the county in *Duvall* argued that it offered two effective accommodations for plaintiff's hearing impairment, the plaintiff provided evidence that the offered accommodations were inappropriate to his individual needs. *Id.* Moreover, he provided evidence that he could not participate equally in the hearings because the "intense concentration required to attempt to follow the lengthy proceedings through a combination of lip reading, aural hearing, and interpretation of body language resulted in headaches, exhaustion, and tinnitus, making it even more difficult for him to hear." *Id.* The Ninth Circuit held that there was a genuine issue of material fact whether the county's refusal to provide videotext display prevented the plaintiff from participating equally in the hearings at issue. *Id.* at 1138.

  *Duvall* supports an argument that a denial of a requested accommodation may amount to discrimination. It does not, however, support Plaintiff's specific argument that a one-day delay in providing a requested accommodation is a violation of the ADA and the Rehabilitation Act. Moreover, several decisions in the Ninth Circuit have rejected the proposition that a reasonable delay in providing an accommodation to a disabled person constitutes a violation of the ADA. *See Suarez v. Superior Court of California*, 283 F. App'x 470, 471 (9th Cir. 2008) (unpublished) (holding that an order to postpone arraignment to the following day when an ASL interpreter would be available does not amount to deliberate indifference); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839 (9th Cir. 2007) (holding that a delay in providing a disabled

PAGE 6 – OPINION AND ORDER

person a hotel room with a roll-in shower and shower chair was not a denial of access); *O'Connor v. Scottsdale Healthcare Corp.*, 871 F. Supp. 2d 900, 903 (D. Ariz. 2012) (holding that delaying a visitor from entering a hospital by demanding she register her service dog did not constitute constructive denial of a public accommodation). Accordingly, Plaintiff fails to show that there is a disputed issue of material fact regarding whether the State discriminated against him based upon the failure of the State timely to accommodate Plaintiff's request for an ASL interpreter on January 15, 2013, because the State did, in fact, accommodate his request for an ASL interpreter by furnishing the requested accommodation to him the following day.

### c. Intentional Discrimination

Plaintiff also has failed to present any evidence that the State acted with the requisite deliberate indifference. Plaintiff appeared in court for arraignment in the late afternoon of January 15, 2013. Judge Dailey asked how corrections officers were communicating with Plaintiff and was informed that they were communicating in writing. Instead of communicating with Plaintiff in writing, Judge Dailey chose to postpone Plaintiff's arraignment to the following day when an ASL interpreter would be available. Ordering an interpreter to appear the next morning does not amount to deliberate indifference. *See Duvall* at 1139. ("[I]n order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness."); *Suarez* 283 F. App'x at 471 (postponing arraignment from late afternoon to the following day when an ASL interpreter would be available does not amount to deliberate indifference).

Construed in the light most favorable to the Plaintiff, these facts show, at most, that the State was negligent in failing to provide an ASL interpreter at the January 15, 2013 arraignment. There is no evidence that the State deliberately failed to order an interpreter to appear on that day. *See Duvall* at 1139 (explaining that "bureaucratic slippage" or negligence does not amount

PAGE 7 – OPINION AND ORDER

to deliberate indifference). Moreover, Plaintiff concedes that he received a full and equal opportunity to participate in his court appearance on January 16, 2013, when an ASL interpreter was provided for him and Plaintiff was successfully arraigned and released. Thus, Plaintiff's only alleged harm is the one-day delay of his arraignment ordered by Judge Dailey. Because Plaintiff has provided no evidence that the State's failure to provide him with an ASL interpreter on January 15, 2013 was the result of deliberate indifference, summary judgment on this basis is appropriate against Plaintiff's claims under the ADA and the Rehabilitation Act.

### 2. Judicial Immunity

Even if Plaintiff had raised a disputed issue of material fact for his claims under the ADA or the Rehabilitation Act, his claims are barred by absolute judicial immunity. The State argues that it is entitled to judicial immunity from all of Plaintiff's claims because, to the extent Judge Dailey's decision to postpone Plaintiff's arraignment caused harm to Plaintiff, the Judge's decision is entitled to absolute judicial immunity. Plaintiff responds that he was harmed by the State's failure to provide the interpreter and also argues that although he was harmed by Judge Dailey's conduct, her conduct is attributable to the State. These arguments are without merit.

Judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief sought as a result of judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996). To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas Cnty. Counsel*, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. 362). Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

PAGE 8 – OPINION AND ORDER

Plaintiff contends that the State is not entitled to judicial immunity because it was the State of Oregon, and not Judge Dailey, who failed to provide an ASL interpreter for Plaintiff at the January 15, 2014 arraignment. The Court disagrees with Plaintiff's reasoning. Plaintiff concedes that he received an equal opportunity to participate in his court appearance on January 16, 2014, when an ASL interpreter was provided for him. Plaintiff correctly notes that, but for Plaintiff's disability, he would likely have been arraigned and released on January 15, 2014. Plaintiff also correctly notes that Judge Dailey was not required to postpone the arraignment and could have communicated with Plaintiff in writing. The court's decision to postpone Plaintiff's arraignment rather than communicate with him in writing was a decision made solely by the circuit judge and was within her judicial authority. Plaintiff's allegations and claims, therefore, relate to the conduct of Judge Dailey.

The acts of setting an arraignment date, deciding how to conduct an arraignment, and deciding to postpone an arraignment all constitute judicial acts that are entitled to judicial immunity. *See Duvall*, 260 F.3d at 1133; *see also Potter v. Hart*, 2010 WL 4295135, at *2 (D. Or. Oct. 22, 2010) (actions related to a judge's "legal rulings" are entitled to absolute judicial immunity). All of the harms alleged by Plaintiff are the result of the one-day delay of his arraignment ordered by Circuit Judge Dailey. Because Judge Dailey's order that Plaintiff's arraignment be postponed is a judicial act, any claim for harm resulting from that action is barred by absolute judicial immunity. Thus, Plaintiff's claims under the ADA and the Rehabilitation act are barred by the doctrine of absolute judicial immunity.

**B. Equitable Relief**

In addition to compensatory damages for violation of the ADA and the Rehabilitation Act, Plaintiff also requests injunctive and declaratory relief. The State argues that Plaintiff lacks standing to assert a claim for equitable relief.

PAGE 9 – OPINION AND ORDER

Under Article III of the United States Constitution, federal courts are limited to hearing only cases or controversies. Standing is a core component of the Article III cases or controversies requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."). Standing is the "personal interest that must exist at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs, Inc.*, 528 U.S. 167, 189 (2000). Moreover, the requisite personal interest that must exist at the commencement of a case must continue throughout its existence. *Id.* The personal interest that constitutes standing consists of three elements: (1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Id.* at 181-82.

When a plaintiff seeks equitable relief, he cannot establish an injury in fact simply by showing that he has suffered some harm in the past. Rather, he must demonstrate a "real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496-97 (1974) (holding that plaintiffs who sought to enjoin judges from racial discrimination lacked standing because the possibility that any plaintiff would again be charged with a crime and brought before the particular judges was speculative, especially given that plaintiffs could avoid the injury by conducting their activities within the law). The possibility of future injury must rise beyond the level of speculative or hypothetical injury. *See Lyons*, 461 U.S. at 103 (1983) (finding a lack of standing because it was "no more than speculation" to assert that the plaintiff would someday in the future again be arrested and subjected to an unconstitutional chokehold).

Plaintiff contends that he is entitled to injunctive relief, including an order requiring the remaining defendants to provide qualified ASL interpreters and auxiliary aids and to establish a policy that ensures deaf persons in custody have an ASL interpreter at the person's first court appearance. Plaintiff also seeks a declaration that the State "violated Title II of the ADA" and has "violated Section 504 of the Rehabilitation Act." Plaintiff asserts that he has standing to bring this claim because his "past involvement with police" and his suspended driver's license "demonstrate a probability that he will again suffer the same harm or injury." Even if the Court were to assume that Plaintiff's requested relief is not barred by absolute judicial immunity, Plaintiff's alleged threat of future injury is too speculative to support standing. As the Supreme Court has explained:

> [W]e are ... unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction.

*O'Shea*, 414 U.S. at 497; *see also Mendia v. Garcia*, --- F.3d ---, 2014 WL 4800087, at n.1 (9th Cir. 2014) (noting that in order to have standing based on the plaintiff's allegation that he feared future arrest and deportation, the plaintiff "must be able to allege a 'substantial risk' that the future harm would occur" and finding the plaintiff's fear of arrest "entirely speculative" (quoting *Clapper v. Amnesty Int'l USA*, --- U.S.---, 133 S.Ct. 1138, 1150 n.5 (2013))); *Lyons*, 461 U.S. at 111 ("equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again"); *Spencer v. Kemna*, 523 U.S. 1, 15 (1998) (characterizing the denial of Article III standing in *Lyons* as having been based on the plaintiff's ability to avoid engaging in illegal conduct).

Plaintiff lacks Article III standing because he has not demonstrated an injury in fact that will be redressed by a favorable ruling. Specifically, Plaintiff provides the Court with no reason why he would be unable to conduct his activities within the law. Moreover, Plaintiff provides no explanation for his assertion that he will likely be booked into a county detention center and need to make a first appearance as a pretrial detainee again. The mere fact that Plaintiff has been arrested in the past does not create the real and immediate threat of repeated injury required to seek equitable relief. Accordingly, Plaintiff lacks standing to seek equitable relief, and the State is entitled to summary judgment.

## CONCLUSION

Defendant State of Oregon's Motion for Summary Judgment (Dkt. 50) is GRANTED.

**IT IS SO ORDERED**.

DATED this 15th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 12 – OPINION AND ORDER