# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**DAVID UPDIKE**,

      Plaintiff,

      v.

**MULTNOMAH COUNTY,**

      Defendant.

Case No. 3:13-cv-1619-SI

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEE AND COST BILL**

Daniel Snyder, Carl Post, and John Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 SW Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

Jenny M. Madkour, County Attorney, and David A. Landrum, Senior Assistant County Attorney, MULTNOMAH COUNTY ATTORNEY'S OFFICE, 501 SE Hawthorne Blvd., Suite 500, Portland, OR 97214. Of Attorneys for Defendant Multnomah County.

**Michael H. Simon, District Judge.**

In this lawsuit, David Updike alleged that, among other things, Multnomah County violated both Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act of 1973 ("§ 504"), 29 U.S.C. § 794. Mr. Updike also brought additional claims against Multnomah County that were dismissed on summary judgment and claims against the State of Oregon that also were dismissed on summary judgment. Mr. Updike appealed to the Ninth Circuit and was partially successful, resulting in a jury trial.

After that three-day trial, the jury found in favor of Mr. Updike and awarded him $125,000. Mr. Updike now seeks an attorney's fee under 42 U.S.C. § 12205 and 29 U.S.C. 794a in the lodestar amount of $354,892. Mr. Updike also requests a multiplier of 1.5, additional expenses in the amount of $13,918.94, and costs in the amount of $1,271.00. Finally, Mr. Updike seeks an additional $5,587.50 for time incurred in preparing the reply brief in support of his motion for an attorney's fee.

## STANDARDS

The ADA provides that the court may allow the prevailing party to recover "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Section 504 similarly provides that the court, in its discretion, may allow the prevailing party "a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).

A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

PAGE 2 – ORDER

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). [1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quotation marks omitted)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule:

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

"[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id*. (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, several courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). Applying this cautionary statement, United States Magistrate Judge John Acosta has noted, "the court may excuse this method when the billing period is no more than three hours." *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013). For block-billing periods in excess of three hours, however, Judge Acosta has reduced each applicable entry by fifty percent.

> Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

*Id.* (alteration and emphasis in original).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining

a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.*
(quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this
geographic community, the district court should consider the experience, skill, and reputation of
the attorneys or paralegals involved. *Id.*

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney
and other attorneys regarding prevailing fees in the community, and rate determinations in other
cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the
prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407
(9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing
rate surveys. One useful survey is the Oregon State Bar 2017 Economic Survey ("OSB 2017
Survey"), which contains data on attorney billing rates based on type of practice, geographic area
of practice, and years of practice. Another useful survey is the Morones Survey of Commercial
Litigation Fees, updated as of January 1, 2018 ("Morones 2018 Survey"). The Morones 2018
Survey contains data on attorney billing rates based on years of experience but is confined to
commercial litigation attorneys practicing in Portland, Oregon. The Morones 2018 Survey
reports data for 305 litigation attorneys from 19 law firms.

There is a strong presumption that the fee arrived at through the lodestar calculation is a
reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar
amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the
reasonableness of the attorney's fee is not adequately taken into account in the lodestar
calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and
labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to
perform the legal service properly; (4) the preclusion of other employment by the attorney due to

performance of counsel may not be adequately accounted for in the lodestar calculation);

*Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in

ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar

calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable*

expenditure of time on a case [is not] commensurate with the fees to which he [or she] is

entitled").

## DISCUSSION

Mr. Updike has submitted somewhat voluminous documentation in support of his

motion. In addition to his opening and reply memoranda, Mr. Updike filed three declarations

totaling 129 pages. The Court has reviewed these documents.

Regarding hourly rates, attorney Daniel Snyder seeks an hourly rate of $500; attorney

Carl Post seeks hourly rates of $375 for work at the trial level and $450 for work at the appellate

level; attorney John Burgess seeks hourly rates of $340 for work at the trial level and $400 for

work at the appellate level; and attorney Cynthia Gaddis seeks an hourly rate of $340. These

hourly rates are not unreasonable.

Regarding hours worked, excluding the reply memorandum filed in support of the fee

petition, Mr. Snyder worked 248.6 hours, Mr. Post worked 239.1 hours, Mr. Burgess worked 250

hours, and Ms. Gaddis worked 101.8 hours. The Court has not seen any significant violations of

the prohibition against block billing but has noticed many entries for one-tenth of an hour. There

acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

is some concern expressed among some judges that an activity that may have taken only a few seconds is billed at a minimum of 0.1 hour. Rather than spend judicial time closely reviewing those entries, the Court will address this issue with a general "haircut." More significantly, Multnomah County objects to time worked on claims that ultimately were unsuccessful, to time incurred by multiple attorneys for the same project, and to time spent by one attorney that may have been excessive. There appears to be some merit to these objections, but rather than spend judicial time closely evaluating these objections and the related time entries, the Court will address this issue with a general ten percent "haircut."

Mr. Updike also requests a multiplier of 1.5. Although multipliers may be somewhat more common in Oregon state court or in federal court when state law governs, the Ninth Circuit has stated that in federal court when awarding fees for successful federal claims, a multiplier adjustment requires "rare and exceptional" circumstances and must be "supported by both specific evidence on the record and detailed findings by lower courts." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). This case does not present rare and exceptional circumstances.

Finally, the Court has reviewed Mr. Updike's request for additional expenses, which are allowable in a case like this, and his bill of costs. The Court also has reviewed Multnomah County's objections. The Court overrules these objections.

In summary, the Court awards an attorney's fee, additional expenses, and costs as follows:

| Attorney | Rate | Hours | Fees (Lodestar) |
|---|---|---|---|
| Mr. Snyder | 500 | 248.6 | 124,300 |
| Mr. Post | Blended | 239.1 | 101,580 |

| | | | |
|---|---|---|---|
| Mr. Post | 375 | 14.9 | 5,588 (reply brief) |
| Mr. Burgess | Blended | 250 | 94,400 |
| Ms. Gaddis | 340 | 101.8 | 34,612 |
| Sub-total: | | | 360,480 |
| Less ten percent "haircut" | | | (36,048) |
| Total net fees: | | | 324,432 |
| Expenses | | | 13,919 |
| Costs | | | 1,271 |
| **Total award of fees, expenses, and costs:** | | | **339,622** |

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion for Attorney's Fee (ECF 211) Bill of Costs (ECF 210). Plaintiff is awarded a total amount of $339,622 for attorney's fees, additional expenses, and costs.

**IT IS SO ORDERED**.

DATED this 14th day of August, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge